IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Gilbert M. Martinez,  :
               Appellant  :
                 :
         v.  :
                 :
Exeter Township Police  :
Department for Berks County,  :
Pennsylvania and WBJG Towing &  :
Recovery Services also known as  :  No. 226 C.D. 2025
Xpressway Freight Trucking  :  Submitted: May 12, 2026

OPINION NOT REPORTED

MEMORANDUM OPINION
PER CURIAM                                  FILED: July 10, 2026

Gilbert M. Martinez (Martinez), *pro se*, appeals from the February 10, 2025 order of the Court of Common Pleas of Berks County (Trial Court) which dismissed, with prejudice, Martinez's civil complaint against Appellees Exeter Township Police Department (Police Department) and WBJG Towing & Recovery Services (WBJG Towing). Upon review, we affirm.

## I. Background

On September 19, 2024, Martinez was stopped by an officer of the Police Department in the parking lot of a Kentucky Fried Chicken after grocery shopping at a nearby Walmart store. Original Record (O.R.), Item #42 at 17. The officer stopped Martinez's vehicle upon observing a non-Pennsylvania, "fictitious" white license plate with the word "PRIVATE." *Id*.; O.R., Item #45 at 40. During the course of the traffic stop, the officer requested Martinez's driver's license, registration, and proof of insurance. O.R., Item #42 at 17. However, Martinez

argued that the officer had no probable cause to initiate a traffic stop due to the alleged repeal of the entirety of Title 75 of the Vehicle Code. *Id.*; O.R., Item #45 at 12. When the officer again requested Martinez's driver's license, Martinez informed the officer that he did not have a license or insurance for the vehicle.[1] O.R., Item #42 at 17. The officer subsequently ran a check on the vehicle identification number (VIN) of the vehicle and discovered that the vehicle had no registration plate, and the inspection and emissions stickers had expired in 2020. *Id.* at 18. As such, the officer issued the requisite traffic citations and radioed WBJG Towing to impound the vehicle in accordance with the Vehicle Code.[2] *Id.*

After several amended complaints, Martinez filed a petition for writ of mandamus on October 7, 2024, and filed an application to proceed *in forma pauperis* (IFP), which the Trial Court granted. *See* O.R., Item #8 at 11; O.R., Item #7 at 2. The petition requested several forms of relief, including (1) mandamus to mandate the release of Martinez's vehicle and a cease and desist from "issu[ing] traffic tickets without probable cause"; (2) injunctive relief to direct the immediate return of Martinez's vehicle and an order to "pay the full Kelly Blue [B]ook retail value of 3,895 dollars";[3] (3) punitive and compensatory damages totaling approximately

---

[1] Martinez was stopped for similar violations on two other occasions prior to the instant matter. O.R., Item #45 at 34-35.

[2] Section 1301(a) of the Vehicle Code, 75 Pa.C.S. § 1301(a), prohibits driving any vehicle which is not registered in the Commonwealth of Pennsylvania. Further, "a police officer . . . may seize a registration plate that appears in departmental records as suspended, revoked, canceled, stolen, inactive or issued to a vehicle other than the vehicle on which it is displayed." 75 Pa.C.S. § 1334.1.

[3] The Trial Court judge later instructed Martinez that monetary damages were not available as a form of injunctive relief during the October 25, 2024 hearing on Martinez's emergency motion for *ex parte* preliminary injunction. O.R., Item #45 at 20-22.

$575,000; and (4) issuance of a declaratory judgment "decreeing that [Martinez] has the right to travel in his automobile unmolested, and without interference from the police unless suspected of committing a crime." O.R., Item #8 at 9-10. Martinez also concurrently filed an emergency motion for an *ex parte* preliminary injunction, which the Trial Court subsequently denied after a hearing on the motion.[4] O.R., Item #8 at 3; O.R., Item #10 at 2.

In response to Martinez's claims, both the Police Department and WBJG Towing filed preliminary objections to the complaint. O.R., Item #14 at 2; O.R., Item #22 at 4. WBJG Towing's preliminary objections were dismissed without prejudice due to failure to conform with Rule 1028 of the Pennsylvania Rules of Civil Procedure, Pa.R.Civ.P. 1028, and the Police Department's objections were overruled after argument on the objections on January 6, 2025. O.R., Item #23 at 2; O.R., Item #29 at 2. On the same day, the Trial Court entered an order *sua sponte* directing Martinez to show cause as to how his complaint was "warranted by existing law" and was not being presented for "any improper purpose" pursuant to Rule 1023.1(c) of the Pennsylvania Rules of Civil Procedure, Pa.R.Civ.P. 1023.1(c)(1)-(2). O.R., Item #31 at 2-3. The Trial Court then stayed the proceedings, granted the parties leave to file briefs in response to its show cause order, and scheduled an evidentiary hearing on the matter for January 31, 2025. *Id.* at 3. Prior to the January 31, 2025 hearing, Martinez filed a motion to vacate the Trial Court's *sua sponte* order to show cause, as well as a motion to recuse trial court

---

[4] Martinez also concurrently applied for a subpoena *duces tecum* pursuant to Rule 107 of the Pennsylvania Rules of Criminal Procedure, Pa.R.Crim.P. 107, to obtain body camera footage from all officers on the scene during the September 19, 2024 traffic stop. O.R., Item #8 at 1. The subpoena was not addressed by the Trial Court. *See generally* Docket; *see also* O.R., Item #55 at 30.

judge, James E. Gavin (Judge Gavin). O.R., Item #32 at 2. The Trial Court ordered that both motions would also be considered during the January 31, 2025 evidentiary hearing. O.R., Item #36 at 2.[5] By order dated January 31, 2025, the Trial Court denied Martinez's motions to vacate and recuse. O.R., Item #49 at 3. On February 10, the Trial Court issued its final order dismissing the complaint with prejudice, due to its finding that the case was "not supported by facts or law." O.R., Item #50 at 2 & 12; *see also* Pa.R.Civ.P. 1023.1(c) & 1023.4(a)(2)(i).

Martinez filed a timely notice of appeal with this Court. O.R., Item #51 at 1. In response, WBJG Towing filed a motion to quash, asserting that Martinez's appeal was frivolous and requesting monetary sanctions pursuant to Rule 2744 of the Pennsylvania Rules of Appellate Procedure, Pa.R.A.P. 2744. WBJG Towing's Motion to Quash at 1. On May 8, 2025, this Court directed the Prothonotary to list WBJG Towing's motion to quash for disposition along with the merits of the appeal and denied the portions of the motion that sought attorney's fees without prejudice. Cmwlth. Ct. Order, 5/8/2025.[6]

---

[5] Martinez also provided WBJG Towing's counsel with a 10-day notice of intent to file a praecipe for default judgment after WBJG Towing's failure to respond to Martinez's complaint. O.R., Item #30 at 1-2. Martinez failed to serve such notice on WBJG Towing personally. *See* O.R., Item #30 at 2; *see also* Pa.R.Civ.P. 237.1(a)(2)(ii). However, WBJG Towing did not respond due to the stay of the proceedings, and Martinez did not attempt to file a praecipe with the prothonotary. *See generally* Docket; WBJG Towing's Br. at 7.

[6] The Police Department filed an application for leave to file a supplemental reproduced record pursuant to Rule 2156 of the Pennsylvania Rules of Appellate Procedure, Pa.R.A.P. 2156. Police Department's App. for Leave to File [Suppl.] Reproduced Record at 1. The Police Department argued that the filing was necessary to demonstrate that Martinez failed to comply with several Rules of Appellate Procedure, including his failure to file and serve the contents of a reproduced record which was required after he failed to file with the trial court clerk the required verified statement affirming the date of the Trial Court's IFP order. *Id.* at 1-2. After consideration of the Police Department's application and Martinez's opposition thereto, this Court granted the

## II. Issues

Before this Court,[7] Martinez asserts several errors, which we address as follows.[8]   Martinez argues that the Trial Court abused its discretion when it

application on July 9, 2025.  Cmwlth. Ct. Order, 7/9/2025.  However, this Court recognized Martinez's IFP status, which was granted by the Trial Court.

[7] "A trial court's order imposing sanctions for noncompliance with a procedural rule is reviewed under the abuse of discretion standard." *Cook v. City of Phila. Civ. Serv. Comm'n*, 201 A.3d 922, 925 n.6 (Pa. Cmwlth. 2019) (citing *Muth v. Ridgway Twp. Mun. Auth.*, 8 A.3d 1022, 1027 (Pa. Cmwlth. 2010)).  "An abuse of discretion is defined as a misapplication of the law, a manifestly unreasonable exercise in judgment, or a final result that evidences partiality, prejudice, bias, or ill-will." *I.B.P.O.E. of W. Mt. Vernon Lodge 151 v. Pa. Liquor Control Bd.*, 969 A.2d 642, 648 (Pa. Cmwlth. 2009).

[8] Martinez advances only three arguments in his brief.  *See* Martinez's Br. at 11-22.  However, his statement of issues reads in full, verbatim, as follows:

> a. Whether the trial judge in an abuse of the courts [sic] discretion violated 231 Pa. Code Rule 1023.3 by Ordering Pltf to show cause without putting plaintiff on notice of the specific conduct that he deemed appeared to violate Rule 1023.1(c) in accordance with the statue [sic]?
>
> b. Whether the trial judge in an abuse of the courts [sic] discretion violated Pa.R.C.P. 206.5 – Note since he had failed to establish prima facie grounds for him to issue a discretionary order to show cause, and a stay of the proceedings?
>
> c. Whether the trial judge in an abuse of the courts [sic] discretion denied plaintiffs [sic] motion to vacate without affording him a chance to respond to dfts reply?
>
> d. Whether the trial judge in an abuse of the courts [sic] discretion disregarded that WBJG Towing recovery services defaulted in the case by not filing a timely answer to the complaint within the (20) days required pursuant to Pa.R.C[.]P. 1026?
>
> e. Whether the trial judge in an abuse of the courts [sic] discretion refused to recuse from the case and failed to enter an opinion deny

[sic] plaintiffs [sic] motion which clearly established prima facie grounds showing a disqualifying bias & prejudice?

f. Whether the trial judge in an abuse of the courts [sic] discretion deprived plaintiff of the right to the full, fair, and impartial evidentiary hearings as required by the due process clause with respect to plaintiffs [sic] preliminary injunction motion held on 10/25/2024 and order to show cause hearing held on 1/31/2025?

g. Whether the trial judge in an abuse of the courts [sic] discretion violated 225 Pa Code Rule[] 401, 402 where he failed to admit plaintiffs [sic] exhibits as evidence during the 1/31/2025 hearing, and discuss in his opinion why he would reject the corroborated evidence proving wrongful tort?

h. Whether the trial judge in an abuse of the courts [sic] discretion disregarded Pltf's repeat attempts seeking a subpoena from the court for an order directing defendant to produce the police officers [sic] body camera and patrol car video footage which was exculpatory evidence relevant to determining the 1/31/2025 evidentiary hearing?

i. Whether the trial judge in an abuse of the courts [sic] discretion disregarded plaintiffs [sic] grievance to him in court on 1/31/2025 that the transcripts to Pltf's preliminary injunction hearing were edited to tilt the hands of justice?

j. Whether the trial judge in an abuse of the courts [sic] discretion made a clear error over [sic] law where he held in his decision that Title 75 P.S. [sic] § 104 vehicle codes did not repeal the entire existing traffic law on April 28, 1978?

k. Whether the trial judge in an abuse of the courts [sic] discretion fraudulently determined that [the Police Department] had probable cause to stop, and detain plaintiff without taking in any evidence that establishes a reasonable belief that a crime had been committed?

l. Whether the trial judge in an abuse of the courts [sic] discretion dismissed the case with prejudice in contravention of his previous rulings where he had already considered the same identical arguments raised in the pleadings when he overruled defendant [Police Department's] preliminary objections?

*Id.* at 4-5. Because Martinez advanced only three developed arguments in his brief, his nine undeveloped "questions presented" are waived. *See* Martinez's Br. at 4-5. "[W]here an appellate

dismissed his claims after issuing a show cause order *sua sponte* without providing Martinez notice as to the specific conduct that constituted a Rule 1023.1(c) violation. Martinez's Br. at 4. He further maintains that the Trial Court "disregarded" WBJG Towing's default after WBJG Towing failed to file a timely answer to Martinez's complaint. *Id.* Finally, Martinez asserts that the trial judge's failure to grant Martinez's motions establishes "prima facie grounds showing a disqualifying bias [and] prejudice[.]" *Id.*

WBJG Towing argues that a default judgment was improper due to Martinez's inadequate notice of intent to file a praecipe for default judgment and his subsequent failure to file such praecipe with the prothonotary. WBJG's Br. at 7 & 9. The Police Department maintains that Martinez's motion to recuse was properly denied because it was filed based merely on an adverse ruling. Police Department's Br. at 16-17. The Police Department additionally asserts that Martinez's failure to argue all asserted issues results in waiver of those left undeveloped. *Id.* at 17.

Finally, both the Police Department and WBJG Towing similarly argue that the Trial Court properly stayed the proceedings and gave Martinez adequate notice and the opportunity to defend his position before imposing sanctions in its February 10, 2025 order. Police Department's Br. at 11-13; WBJG Towing's Br. at 5-6.

---

brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any meaningful fashion capable of review, that claim is waived." *Commonwealth v. Johnson*, 985 A.2d 915, 924 (Pa. 2009); *see also City of Phila. v. Workers' Comp. Appeal Bd. (Calderazzo)*, 968 A.2d 841, 846 n.4 (Pa. Cmwlth. 2009) (concluding that an issue raised in the statement of questions involved is waived if it is not developed in the argument section of the brief).

### III. Discussion

### A. Non-Meritorious Legal Claims

Civil Rule 1023.1 "authorizes sanctions for pleadings, written motions, and other papers directed to the court that are presented for an improper purpose[.]" *Raynor v. D'Annunzio*, 243 A.3d 41, 55 (Pa. 2020) (citing Pa.R.Civ.P. 1023.1(c)). Specifically, Rule 1023.1(c) provides:

> (c) The signature of an attorney or *pro se* party constitutes a certificate that the signatory has read the pleading, motion, or other paper. By signing, filing, submitting, or later advocating such a document, the attorney or *pro se* party certifies that, to the best of that person's knowledge, information and belief, formed after an inquiry reasonable under the circumstances,
>
> > (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation,
> >
> > (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification or reversal of existing law or the establishment of new law,
> >
> > (3) the factual allegations have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and
> >
> > (4) the denials of factual allegations are warranted on the evidence or, if specifically so identified are reasonably based on a lack of information or belief.

Pa.R.Civ.P. 1023.1(c)(1)-(4). If a court suspects a party of violating such certifications, it may *sua sponte* issue an order describing the specific conduct that

8

appears to violate Rule 1023.1(c) and direct the party to show cause as to why the party has not violated Rule 1023.1(c) with respect thereto. *Id.* 1023.3.

Here, Martinez argues that the Trial Court abused its discretion by dismissing his claims because such claims were supported by law, as well as by evidence filed at the inception of the litigation. Martinez's Br. at 11-13. Martinez further maintains that dismissal was improper because the Trial Court failed to provide "notice of the specific conduct [Judge Gavin] deemed to have violated Rule 1023.1(c)" upon issuing its show cause order. *Id.* at 11. These arguments lack merit. In its January 8, 2025 order, the Trial Court ordered Martinez to

> show cause as to why he has not violated Rule 1023.1(c) of the Pennsylvania Rules of Civil Procedure *as a result of the following specific conduct*:
>
> 1. *Filing [Martinez's] complaint against the Defendant*, [Police Department] (i) that may be presented for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation; (ii) includes claims that are not warranted by existing law or by a nonfrivolous argument for extension, modification or reversal of existing law or the establishment of new law; and/or (iii) contains factual allegations that do not have evidentiary support; and/or
>
> 2. *Filing [Martinez's] complaint against the Defendant*, [WBJG Towing] (i) that may be presented for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation; (ii) includes claims that are not warranted by existing law or by a nonfrivolous argument for extension, modification or reversal of existing law or the establishment of new law; and/or (iii) contains factual allegations that do not have evidentiary support.

O.R., Item #31 at 2 (emphasis added). As such, the Trial Court specifically instructed Martinez to defend how his filing of his complaint against both the Police Department and WBJG Towing did not violate Rule 1023.1(c) in the listed ways. *See Lowe v. Lowe*, 110 A.3d 211, 215 (Pa. Super. 2015).[9]

None of Martinez's legal contentions are "warranted by existing law or by a nonfrivolous argument for the extension, modification or reversal of existing law or the establishment of new law[.]" Pa.R.Civ.P. 1023.1(c)(2). To the contrary, his legal position rests entirely on the facially erroneous assertion that he did not violate the Vehicle Code because the Vehicle Code was repealed in its entirety. O.R., Item #45 at 12-13. Although Section 104 of the Vehicle Code, 75 Pa.C.S. § 104, was repealed in 1978, repealing a single section of a statute does not repeal the entire statute. *See* 1 Pa.C.S. § 1961.

> Where a statute is repealed and its provisions are at the same time reenacted by the repealing act, the effect according to the great weight of authority, is that the earlier statute is not in fact repealed, but its provisions continue in active operation, so that all the rights and liabilities incurred thereunder are preserved and may be enforced.

*Erie v. Piece of Land*, 14 A.2d 428, 430 (Pa. 1940) (quoting *Haspel v. O'Brien*, 67 A. 123, 124 (Pa. 1907)). Thus, Martinez's argument that the Vehicle Code no longer stands due to the repeal of Section 104 is not warranted by existing law, nor does his argument present a serious attempt to extend, modify, or challenge the law. Pa.R.Civ.P. 1023.1(c)(2)-(3). Instead, Martinez's theory attempts to evade liability by asserting that the traffic stop was prejudicial, unlawful, and retaliatory, despite

---

[9] Although not binding on this Court, decisions of the Superior Court may be cited as persuasive where they address analogous issues. *Lerch v. Unemployment Comp. Bd. of Rev.*, 180 A.3d 545, 550 (Pa. Cmwlth. 2018).

10

his plain violation of the Vehicle Code. Martinez's Br. at 13. Because Martinez's entire complaint relied on a legal theory that lacked any basis in law, the Trial Court properly dismissed his claims.[10]

## B. Additional Issues Raised on Appeal

As set forth above, Martinez also contends that the Trial Court "disregarded" WBJG Towing's default after WBJG Towing failed to file a timely answer to Martinez's complaint and that Judge Gavin's failure to grant Martinez's motions establishes "prima facie grounds showing a disqualifying bias [and] prejudice[.]" Martinez's Br. at 4. Because of our disposition as to the non-meritorious nature of Martinez's action, however, we do not reach Martinez's alternate arguments.

## IV. Conclusion

Based on the foregoing discussion, the order of the Trial Court is affirmed.

---

[10] By Order dated May 8, 2025, this Court directed that WBJG Towing's motion to quash filed April 4, 2025, be determined with the merits. *See* Cmwlth. Ct. Order, 5/8/2025. Because the basis of the motion to quash was the frivolity of Martinez's appeal, we need not address it separately in light of our determination on the merits. *See* WBJG Towing's Motion to Quash at 1.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Gilbert M. Martinez,          :
          Appellant      :
                         :
          v.             :
                         :
Exeter Township Police    :
Department for Berks County,  :
Pennsylvania and WBJG Towing &  :
Recovery Services also known as  :    No. 226 C.D. 2025
Xpressway Freight Trucking   :

PER CURIAM

**O R D E R**

       AND NOW, this 10th day of July, 2026, it is hereby ORDERED:

       1. The February 10, 2025 order of the Court of Common Pleas of Berks County is AFFIRMED;

       2. WBJG Towing & Recovery Services' April 4, 2025 Motion to Quash is DENIED.[11]

---

[11] This motion was listed and considered with the merits of the appeal pursuant to this Court's May 8, 2025 order. *See* Cmwlth. Ct. Order, 5/8/2025.